WO

KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randy Michael Ki'heem Moore,<br><br>Plaintiff,<br><br>v.<br><br>Unknown, et al.,<br><br>Defendants. | No.   CV 20-01418-PHX-JAT (CDB)<br><br>**ORDER** |

On July 16, 2020, Plaintiff Randy Michael Ki'heem Moore, who is confined in a Maricopa County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. In an August 19, 2020 Order, the Court denied the Application to Proceed and gave Plaintiff 30 days to either pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis.

On August 27, 2020, Plaintiff filed a second Application to Proceed In Forma Pauperis. In a September 30, 2020 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On October 23, 2020, Plaintiff filed his First Amended Complaint (Doc. 9). The Court will dismiss the First Amended Complaint and this action.

. . . .

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

## II. First Amended Complaint

Plaintiff names Maricopa County Jail Legal Services Supervisor Kindell-House and Legal Support Specialists C.A. Marscalce, C. Gerdes, and B1300 as Defendants in the one-count First Amended Complaint. Plaintiff seeks declaratory and injunctive relief and money damages.

Plaintiff alleges he was denied access to the courts, in violation of his Eighth and Fourteenth Amendment rights. Plaintiff claims that on July 5, 2020, he requested sections of the Arizona Rules of Criminal Procedure, "16A41.0 Form 8 Notice of right to counsel, and waiver after filing a motion to remove counsel on June 22, 2020." Plaintiff asserts Defendants were aware of his desire to represent himself and remove counsel in his criminal case, but their policies and customs denied him "the ability to file motions to initiate the process to appeal, to the higher court at the state level, and also denied [him the ability] to file motions for redress or petitions to redress state government, or to retain proof for [his] protection to document in the courts . . . that [he] had requested such relief." Plaintiff claims Defendants refused to process his motions for change of counsel and forms "to initiate self-representation." Plaintiff contends "the defendants['] actions assist the court by allowing the court to use counsel as a tool to hold the plaintiff accountable for the actions of counsel for the denial to access of court," thus "further leaving the plaintiff's life and liberty in jeopardy with no documentation for the record or remedy to defend [his] life and liberty to prevent a conviction prior to trial."

## III. Failure to State a Claim

The right of meaningful access to the courts prohibits officials from actively interfering with inmates' attempts to prepare or file legal documents. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). The right of access to the courts is only a right to bring petitions or complaints to federal court and not a right to discover such claims or even to ligate them effectively once filed with a court. *Id.* at 354. The right "guarantees no particular methodology but rather the conferral of a capability–the capability of bringing

contemplated challenges to sentences or conditions of confinement before the courts." *Id*. at 356.

As a matter of standing, for an access-to-courts claim, a plaintiff must show that he suffered an "actual injury" with respect to contemplated litigation. *Id*. at 349. To show actual injury with respect to contemplated litigation, the plaintiff must demonstrate that the defendants' conduct frustrated or impeded him from bringing to court a nonfrivolous claim that he wished to present. *Id*. at 352-53.

Plaintiff's criminal docket shows that Plaintiff has been consistently filing pro se motions and petitions in his criminal case since June 2020, including multiple motions to change counsel and a petition for state habeas corpus relief.[1] Plaintiff has not alleged facts sufficient to show Defendants' conduct frustrated or impeded from bringing to court his pro se motions and petitions. Accordingly, Plaintiff has failed to state a claim for relief.

**IV.   Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim in his First Amended Complaint, the Court will dismiss his First Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made two efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's First Amended Complaint without leave to amend.

. . . .

---

[1] See http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2020-110840 (last visited Nov. 18, 2020).

**IT IS ORDERED:**

(1) Plaintiff's First Amended Complaint (Doc. 9) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 3rd day of December, 2020.

James A. Teilborg
Senior United States District Judge